UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN RE:
HUNT PROPERTIES JACKSON, GP
DEBTOR

CASE NO. 26-10889
CHAPTER 11

---

**FIRSTBANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT OF PROPERTY OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION**

---

Comes now, FirstBank ("Bank"), a secured creditor, by and through its attorneys, and files its Motion for Relief from the Automatic Stay and to abandon the debtor-in-possession's interest as to certain real property which is collateral for the Bank's secured claims, or in the alternative for adequate protection. In support of its motion, the Bank states as follows:

1. This Court has jurisdiction over this contested matter pursuant to 28 USC § 1334.

2. This is a core proceeding pursuant to 28 USC § 157(b)(2).

3. On or about June 25, 2026, Hunt Properties, GP ("Original Debtor") filed for relief under Chapter 11 of the United States Bankruptcy Code in the Western District of Tennessee (the "Petition Date"). [Doc. No. 1].

4. On or about July 27, 2026, the Original Debtor filed an Amended/Corrected Chapter 11 Petition in which it changed the name of the debtor to "Hunt Properties Jackson, GP" ("New Debtor").

5. Contemporaneous with the filing of this Motion, Bank is filing a separate, Expedited Motion to Prohibit use of Cash Collateral ("Expedited Motion"), which it incorporates fully with reference to this Motion as if set forth in its entirety.

6. Bank's debt with Original Debtor arises from two (2) loans, which are secured by properly perfected liens against certain real property and improvements located at West College Street/Bre Ave., Pulaski, Tennessee, by way of a Deed of Trust of record at Trust Deed Book 569, page 183 in the Register's Office for Giles County Tennessee and a Deed of Trust of record at Trust Deed Book 668, page 717 in the Register's Office for Giles County Tennessee, both of which are attached to Bank's claims identified as Claims 6-1 and 7-1.

7. The above real property and improvements (hereinafter collectively referred to as "Collateral") are used as strip mall with approximately four (4) tenants.

8. The warranty deed to the Collateral, of record in Deed Book 361, page 109 in the Giles County Register of Deed's Office, was to David B. Hunt and Melissa D. Hunt d/b/a Hunt Properties, a Tennessee general partnership. Per a review of the Giles County Register of Deed's Office's website, title has not been changed to any other party or entity and there is nothing recorded in said office reflecting any change of name and/or ownership of Original Debtor to New Debtor.

9. Per David Hunt (who is a general partner of Original Debtor and/or New Debtor along with his wife, Melissa Hunt) in the Meeting of Creditors in this matter, he does not recall there being any documentation to reflect this alleged change of ownership and/or name of the debtor.

10. Likewise, David Hunt was unable to articulate any specific reason why the alleged change was made.

11. Furthermore, Mr. Hunt stated that the tenants with the Collateral are current with their rent payments and have written lease agreements with Original Debtor.

12. The Deeds of Trust and corresponding loan documents securing Bank's claims 6-1 and 7-1, both include assignments of leases and rent.

13. Upon information, belief and the testimony of Mr. Hunt from the Meeting of Creditors with this matter, Original Debtor and/or New Debtor have used the rent proceeds from these tenants with the Bank's Collateral without permission from Bank, which has not been granted and will not be granted.

14. The Notes, Trust Deeds, and corresponding loan documents executed in connection with and related to Bank's loans secured by the Collateral in Giles County, TN, are attached to Bank's claims 6-1 and 7-1 and are incorporated by reference in this Motion as if set forth in their entirety.

15. The Bank's loan documents are solely with Original Debtor and are in default due to non-payment and also one of the loans maturing prior to the filing of this case. Likewise, title to the Collateral remains in the name of the Original Debtor.

16. On or about June 12, 2026, Bank sent a demand letter to Original Debtor regarding the defaults with its two (2) loans.

17. Bank was in the process of initiating foreclosure against the Collateral, as it has a 1st and 2nd lien positions with the same.

18. Prior to sending out a Notice of Sale and publishing the same in the newspaper as required by Tennessee law, Bank discovered the bankruptcy filing of Original Debtor and halted the foreclosure process.

19. Now, in light of the Amended Petition, it is unclear (at best) whether Original Debtor and/or New Debtor are actually the same entity.

20. David Hunt, in the Meeting of Creditors with this case, stated the Original Debtor and New Debtor were the same entity, yet he did not recall there being any paperwork to back-up this position and he was unsure why the New Debtor had been formed/the name changed.

21. Bank requests this Court to make a determination as to whether Original Debtor and New Debtor are the same entity.

22. Assuming they are not, then Bank requests that this Court grant relief from the Automatic Stay under 11 U.S.C. § 362 in that the proper party that the Bank's loans and Collateral secure are not protected from any stay relief due to Amended Petition. If the Court finds the entities are not the same, then there is no co-debtor say in Chapter 11 proceedings and the Bank would be able to initiate foreclosure proceedings with the Collateral.

23. If the Court finds that Original Debtor and New Debtor are the correct parties and that the Automatic Stay is in effect, then Bank requests this Court grant relief from the Automatic Stay under 11 U.S.C. § 362(d)(1) due to lack of adequate protection as more particularly set forth in the Expedited Motion.

24. Out of an abundance of caution and in light of the amount of uncertainty with assets and entities in this case that are interconnected and linked together, Bank is seeking relief to be able to commence foreclosure proceedings.

25. Upon information and belief, there is a judgment lien (Book L16, page 833 in the Giles County Register of Deed's Office) with US Bank for a total of at least $4,760,050.58 (at the time of entry of judgment) that is junior the Bank's liens.

26. That said, any excess proceeds received (after paying off the two (2) loans with Bank) can be paid into Court for determination on who has priority and rights to said proceeds as the Court directs.

27. As such, Bank requests that the Trustee abandon its interest in all property securing the Bank's claims.

28. Moreover, David Hunt and Melissa Hunt personally guaranteed the debt with the Bank's two (2) loans. At this time, no bankruptcy filings have been filed for them individually. Again, no-debtor stay applies in Chapter 11 cases. Thus, Bank requests the Court order that the automatic stay provisions of this case do not apply to David Hunt and Melissa Hunt, individually, out of an abundance of caution.

29. In the alternative, the Bank would ask the Court to order that the Original Debtor and/or New Debtor make post-petition adequate protection payments pending the confirmation of the Debtors' Chapter 11 plan as necessary to protect the Bank's interests.

30. The Bank would further request this Court grant any other additional and further relief to which it may be entitled.

Respectfully submitted,

/s/ Adam C. Crider
Adam C. Crider; TN Bar No.022477
Rainey, Kizer, Reviere & Bell, PLC
105 S. Highland Avenue
Jackson, Tennessee 38301
Telephone: (731) 423-2414
Email: acrider@raineykizer.com
Attorney for FirstBank

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to those parties specifically requesting electronic service and also served via U.S. Mail, postage-prepaid, to the following parties on August 5, 2026:

Debtor
Debtor's Attorney
United States Trustee
Matrix

/s/ Adam C. Crider