**Dated: August 07, 2026**
**The following is SO ORDERED:**

Jimmy L. Croom
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

IN RE: HUNT PROPERTIES JACKSON, GP CASE NO. 26-10889
CHAPTER 11

DEBTOR(S)

---

ORDER RE MOTION TO MODIFY STAY

---

This cause came on to be heard on August 6, 2027, before the Honorable Jimmy L. Croom, U.S. Bankruptcy Judge, upon the Motion of Community Bank to Modify Stay filed on July 21, 2026 (RD:29), no written objection having been filed, statement of counsel for Community Bank, statement of counsel for the Debtor, and the entire record in the cause whereupon it appeared to the Court that cause exist such that the § 362 automatic stay is modified to allow Community Bank to proceed with its possessory remedies, including foreclosure of its collateral as to Claim Nos. 1, 2 and 4 described herein and that Community Bank is entitled to adequate protection as to its Claim No. 3.

1. With respect to Loan Number xxxx17-19 – Claim No. 1 – the stay is modified as to the Tennessee Deed of Trust, Security Agreement and Fixture Filing, of record in Book T1996, at Page 99, in the Register's Office of Madison County, Tennessee, concerning real property owned by David Hunt and wife, Melissa Hunt, as Tenants by the Entirety.

The address of the real properties securing Claim No. 1 are more commonly known as: 1062 Whitehall Street; 1124 Whitehall Street; and 1146 Whitehall Street, Jackson, Madison County, Tennessee. The legal descriptions for the involved properties are more particularly described in the above referenced Deed of Trust, which are incorporated herein by reference. The Court finds that the subject properties, which are owned individually by David Hunt and wife, Melissa Hunt, do not constitute property of the Bankruptcy Estate pursuant to 11 U.S.C. § 542 or § 1115 and further finds that there is no co-debtor stay available to David Hunt and/or Melissa Hunt by virtue of this Chapter 11 case.

2. With respect to Loan Number xxxx17-25 – Claim No. 2 - the stay is modified as to the Tennessee Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing, of record in Book T2014, at Page 1240, in the Register's Office of Madison County, Tennessee, concerning real property owned by David Hunt and wife, Melissa Hunt, as Tenants by the Entirety and the collateral described in Exhibits "A" and "B", attached to the UCC-1 Financing Statement filed with the Tennessee Secretary of State on March 21, 2016, Document #424705672.

The address of the real properties securing Claim No. 2 are more commonly known as: 1100 Whitehall Street; 1104 Whitehall Street; 1106 Whitehall Street; and 1108 Whitehall Street, Jackson, Madison County, Tennessee. The legal descriptions for the involved properties are more particularly described in the above referenced Deed of Trust, which are incorporated herein

by reference. The Court finds that the subject properties, which are owned individually by David Hunt and wife, Melissa Hunt, do not constitute property of the Bankruptcy Estate pursuant to 11 U.S.C. § 542 or § 1115 and further finds that there is no co-debtor stay available to David Hunt and/or Melissa Hunt by virtue of this Chapter 11 case.

3. With respect to Loan Number xxxx17-60 – Claim No. 4 –the stay is modified as to the Deed of Trust, of record in Book T2141, at Page 285, in the Register's Office of Madison County, Tennessee, concerning real property owned by David Hunt and wife, Melissa Hunt as Tenants by the Entirety.

The address of the real properties securing Claim No. 4 are more commonly known as: 1062 Whitehall Street and 1124 Whitehall Street, Jackson, Madison County, Tennessee. The legal descriptions for the involved properties are more particularly described in the above referenced Deed of Trust, which are incorporated herein by reference. The Court finds that the subject properties, which are owned individually by David Hunt and wife, Melissa Hunt, do not constitute property of the Bankruptcy Estate pursuant to 11 U.S.C. § 542 or § 1115 and further finds that there is no co-debtor stay available to David Hunt and/or Melissa Hunt by virtue of this Chapter 11 case.

4. With respect to Loan Number xxxx17-48 – Claim No. 3 – Community Bank is entitled to adequate protection payments, in the sum of $740,322.17, as of August 6, 2026, plus 7.50% interest, shall be paid at the rate of $6,795.80 per month, commencing August 17, 2026, and continuing on the 17th day of month thereafter, pending further Orders of this Court. The property securing this Claim is more particularly described in a Deed of Trust of record in Book T2089, at Page 1907, in the Register's Office of Madison County, Tennessee, concerning real property owned by Hunt Properties, GP, a Tennessee General Partnership, which are incorporated herein by reference. The address of the real property securing Claim No. 3 is 1118 Whitehall Street, Jackson, Madison County, Tennessee. The rents from this

property constitutes cash collateral pursuant to 11 U.S.C. § 363(a) and the remaining rents above that necessary to pay the within reference adequate protection payments, taxes, insurance and general maintenance and upkeep on the property may be used in the ordinary course of the Debtor's business by consent.

5. With respect to Numerical Paragraphs 1, 2, and 3 hereinabove, Community Bank may proceed with its possessory remedies in its collateral, including foreclosure, and dispose of same in accordance with the Laws of the State of Tennessee.

6. With respect to Loan Number xxxx17-48 - the Debtor shall execute any and all documents necessary to evidence the within modification, and/or to extend the lien rights of Community Bank, including but not limited to executing modification agreements and/or renewal Promissory Notes, applicable. All other provisions as contained in the original documents as executed between the parties not hereinabove modified and/or changed are hereby ratified, affirmed, and adopted as of set forth herein verbatim.

7. With respect to Loan Number xxxx17-48 - any payment for adequate protection provided herein that comes due prior to, and which is unpaid as of the effective date of confirmation, shall have administrative expense priority as provided by 11 U.S.C. §506(b).

8. With respect to Loan Number xxxx17-48 - all post-petition real property taxes shall be maintained in a current status.

9. With respect to Loan Number xxxx17-48 - the Debtor shall maintain adequate insurance coverage with respect to the collateral held by Community Bank consistent with the contractual documents executed between the parties.

10. The Court finds that subsequent to the filing of the Motion which is the subject of this Order, the Debtor amended its name on the Schedules from Hunt Properties, GP, a Tennessee unregistered partnership to Hunt Properties Jackson, GP, a Tennessee registered

partnership. Entry of this order is without prejudice to Community Bank to dispute whether the current Debtor in this bankruptcy case, namely, Hunt Properties Jackson, GP is the same partnership as Hunt Properties, GP and to request additional relief from the Court as Community Bank may be entitled.

11. The stay of the enforcement of this Order as provided by Bankruptcy Rule 4001(a)(3) shall be waived.

APPROVED FOR ENTRY:

BY: /s/Stephen L. Hughes
* Prepared By
Stephen L. Hughes #013836
Attorney for Community Bank
P.O. Box 320
Milan, TN 38358 (731) 686-1198

By:/s/Thomas Strawn
Thomas Strawn
Attorney for Debtor(s)
P.O. Box 908
Dyersburg, TN 38025 (731) 285-3375

MAILING INFORMATION
Debtor
Debtor(s) Attorney
U.S. Trustee
Creditor: Community Bank, P.O. Box 710, Lexington, TN 38351