**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

| | |
|---|---|
| **In re:** | **Case No. 26-10889 jlc** |
| **HUNT PROPERTIES JACKSON, GP<br>a/k/a Hunt Properties<br>Debtor.** | **Chapter 11** |

---

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR ADEQUATE PROTECTION

---

Comes now, WELLWORTH BANK, as successor in interest to American Bank & Trust of the Cumberlands (the "Bank"), a secured creditor in the above styled bankruptcy case, by and through counsel and pursuant to 11 U.S.C. § 362 of the United States Bankruptcy Code (the "Code) files this Motion for Relief from the Automatic Stay, as to the Debtor, the Bank's collateral and the proceeds thereof and in support would show as follows:

1. The Debtor filed its petition for Bankruptcy relief under Chapter 11 of the Code on June 25, 2026.

2. This is a contested proceeding within the meaning of Bankruptcy Rule 9014, which seeks relief from the automatic stay provisions of 11 U.S.C. § 362(a) of the Code.

3. The Debtor is a Tennessee general partnership composed of David Hunt and wife, Melisaa Hunt as its partners.

4. The Debtor is indebted to the Bank under a Commercial Variable Rate Promissory Note dated on or about November 17, 2023 in the principal amount of $11,000,000.00 (the "Note").

5. The Note is secured by:

A. A Deed of Trust and Security Agreement dated on or about November 17, 2023 granting to the Bank a 2nd mortgage lien against improved real estate located at 110 Redstone Drive, Fayetteville, Tennessee on which is located a Hampton Inn by Hilton Hotel (the "Fayetteville Motel") and 180 Bre Avenue, Pulaski, Tennessee on which is located a Hampton Inn by Hilton Hotel (the "Pulaski Motel") said instrument being of record and of record Trust Deed Book 874 Page 92 in the Register of Deeds Office for Lincoln County, Tennessee on November 20, 2023 and Trust Deed Book 655 Page 944 in the Register of Deeds Office for Giles County, Tennessee on November 30, 2023 (the "Bank Trust Deed").

B. An Assignment of Rents and Leases Deed of Trust and Security Agreement dated on or about November 17, 2023 against Fayetteville Motel and the Pulaski Motel said instrument being of record in Book M97 Page 297 in the Register of Deeds Office for Lincoln County, Tennessee on November 20, 2023 and Trust Deed Book 655 Page 968 in the Register of Deeds Office for Giles County, Tennessee on November 30, 2023 (the "Bank Assignment").

C. The personal guaranties of David Hunt and Melissa Hunt.

D. The corporate guaranty of Hunt Services, Inc., a Tennessee corporation.

6. The Bank Trust Deed is believed to be subordinate to a senior mortgage lien in favor of the United States Small Business Administration against the Fayetteville Motel and Pulaski Motel securing an indebtedness in the approximate amount $1,475,000.00.

7. Based on current research of the title to the Fayetteville Property and the Pulaski Property, the following subordinate mortgage lien and judgment liens encumber the properties:

A. A Deed of Trust in the original amount of $2,700,000.00 in favor of Leonite Fund I LP, recorded July 16, 2025 of record in Trust Deed Book 681, page 214, Register's Office of Giles

County, Tennessee and of record in Trust Deed Book 905, page 201, Register's Office of Lincoln County, Tennessee (the “Leonite Mortgage”).

B. A Judgment Lien in favor of U.S. Bank of record in Lien Book 16, page 833, Register’s Office of Giles County, Tennessee, and Book M103 Page 953 in the Register’s Office for Lincoln County, Tennessee in the original amount of $4,263,324.00 (the “Judgment Lien”).

8. The Bank has filed a secured proof of claim #5 in the amount of $11,353,579.22 on July 21, 2026.

9. Under the terms of the Note, the Debtor is required to make monthly installment payments of principal and interest in the amount of $105,257.50.

10. The Debtor has leased the Fayetteville Motel to Hunt Hospitality Fayetteville LLC, a Tennessee limited liability company, (“Fayetteville LLC”) who is required to make rent payments to the Debtor in the amount of $55,000.00 per month.

11. David Hunt and Melissa Hunt are the members of Fayetteville LLC.

12. Fayetteville LLC is the franchisee under a franchise agreement with Hilton for a Hampton Inn at the Fayetteville Property.

13. At the Debtor’s 341 meeting of creditors, David Hunt testified that Fayetteville LLC is in default in its monthly rent obligations to the Debtor by at least 8 months.

14. The Debtor has leased the Pulaski Motel to Hunt Hospitality Pulaski LLC, a Tennessee limited liability company, (“Pulaski LLC”) who is required to make rent payments to the Debtor in the amount of $55,000.00 per month.

15. David Hunt and Melissa Hunt are the members of Pulaski LLC.

16. Pulaski LLC is the franchisee under a franchise agreement with Hilton for a Hampton Inn at the Pulaski Property.

17. At the Debtor's 341 meeting of creditors, David Hunt testified that Pulaski LLC is in default in its monthly rent obligations to the Debtor by at least 8 months.

18. At the Debtor's 341 meeting of creditors, David Hunt testified that the Hilton franchise agreements for the Fayetteville Property Hampton Inn and the Pulaski Property Hampton Inn are in default for nonpayment of franchise fees to Hilton, that the Hilton reservation system has been turned off for each location and that he estimates that it will take over $1,300,000.00 to pay to Hilton in order to have the franchises reinstated and the reservation system reconnected to each location.

19. Additionally, at the Debtor's 341 meeting of creditors, David Hunt testified that the Fayetteville Property and the Pulaski Property are both subject to "Property Improvement Plans" ("PIP") obligations for restoration, renovations and upgrades for each location and that he estimates the cost to comply with the Hilton PIP is in excess of $1,500,000.00.

20. Upon information and belief based on the Debtor's testimony at the 341 meeting of creditors, Fayetteville LLC and Pulaski LLC do not have the financial means to cure the rent default for each location, cure the franchise fee payment defaults owing to Hilton or fund the restorations, renovations and upgrades to satisfy the Hilton PIP obligations.

21. At the Debtor's 341 meeting of creditors, David Hunt testified that with the Hilton franchise default being cured and the Hilton reservation system being reinstated, he would estimate that the market value of each motel property would be in the $11,000,000.00 to $12,000,000.00 range but without the Hilton reservation system, the market value of each motel property would be in the $7,000,000.00 to $8,000,000.00 range.

22. The Debtor is in arrears in payments and collection expenses incurred by the Bank in the approximate amount of $825,550.62.

23. Given the inability of Fayetteville LLC and Pulaski LLC to meet their obligations to Hilton under the franchise agreements and to the Debtor under the leases, the Debtor currently has no

apparent ability to make cure payments on the Note with the Bank or make its ongoing payment obligations on the Note to the Bank.

24. The rents when paid to the Debtor is cash collateral of the Bank.

25. Additionally, to the extent that the Debtor has received any income from the Fayetteville Property and the Pulaski Property, the Debtor has not filed any motion to authorize or condition the use of the Bank's cash collateral to date.

26. The Bank is without adequate protection of its interest in the Fayetteville Property and the Pulaski Property or its cash collateral that the Debtor continues to use without authority to do so.

27. Cause exists under 11 U.S.C. § 362 (d) (1) of the Code in that the Bank is without adequate protection of its interest in its collateral and the Debtor has not offered adequate protection to the Bank.

28. Additional cause exists under 11 U.S.C. § 362 (d) (2) of the Code in that the Debtor does not have equity in the collateral; and the Fayetteville Property and the Pulaski Property are not necessary to an effective reorganization.

WHEREFORE PREMISES CONSIDERED, the Bank requests that the Court:

I. Set this matter for hearing;

II. Grant the Bank relief from the automatic stay as to the Debtor, the collateral and the proceeds thereof; or alternatively,

III. Order the Debtor to immediately commence adequate protection payments to the Bank in an amount in which the Court deems proper.

IV. Grant the Bank such other relief as is just and proper.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC

**/s/JERRY P. SPORE___________________**
JERRY P. SPORE, BPR #15033
NICHOLAS B. LATIMER, BPR #31203
Attorneys for WELLWORTH BANK
312 East Lafayette Street (38301)
Post Office Box 2004
Jackson, Tennessee 38301-2004
(731)424-0461; facsimile (731)424-0562
jpspsore@spraginslaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 11th day of August, 2026, a true and correct copy of the foregoing was filed electronically using the CM/ECF system, which will send notice to attorneys of record registered with the CM/ECF system, and served on the following persons by electronic means and/or U.S. Mail, postage prepaid, as follows:

Thomas H. Strawn
Strawn Law Firm
400 W. Masonic Street
Dyersburg, TN 38024

U.S. Trustee
Office of the U.S. Trustee
One Memphis Place
200 Jefferson Avenue, Suite 400
Memphis, TN 38103

Hunt Properties
1124 Whitehall Street, Suite 200
Jackson, TN 38301-8742

**/s/Jerry P. Spore________________**
**JERRY P. SPORE**