**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **HUNT PROPERTIES JACKSON, GP** | **CASE NO. 26-10889-JLC** |
| | **DEBTOR.** | **CHAPTER 11** |

# UNITED STATES TRUSTEE'S MOTION TO DISMISS OR IN THE ALTERNATIVE CONVERT THIS CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)

COMES NOW, Paul A. Randolph, the Acting United States Trustee for Region 8 ("U.S. Trustee"), in furtherance of his administrative responsibility, and hereby moves this court for an order dismissing or converting to Chapter 7 the above numbered and captioned Chapter 11 case under 11 U.S.C. §§ 1112(b). In support of his motion, the U.S. Trustee respectfully states and represents as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157(a), and the standing order of reference. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The predicate for the relief requested herein is Bankruptcy Code section 1112(b).

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir.

1990) (describing the U.S. Trustee as a "watchdog"). Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to bring the instant Motion to Dismiss.

## BACKGROUND FACTS

3. On June 25, 2026, Hunt Properties, ("Debtor") filed a Chapter 11 voluntary petition under Title 11 of the United States Code ("Bankruptcy Code"). The Debtor indicated on page 1 of the voluntary petition it was a partnership. (ECF No. 1). The records of the Tennessee Secretary of State reflect that Hunt Properties is not a registered general partnership.

4. The Debtor's Schedule A/B lists the Debtors only assets in response to Part 9 as real property detailed as follows:

| | Description | Value |
|---|---|---|
| 55.1. | 180 Whitehall Ave.,<br>Pulaski, TN 38478 | Unknown |
| 55.2. | 110 Redstone Dr.<br>Fayetteville, TN<br>37334 Hotel | Unknown |
| 55.3. | 15315 South 1st St.<br>Milan, TN 38358<br>Hampton Inn | Unknown |
| 55.4 | 1118 Whitehall Ave.<br>Jackson, TN 38301<br>Restaurant | $1,250,000.00 |
| 55.5. | 1124 Whitehall Ave.,<br>Jackson, TN<br>38301-4000 Dean<br>Center Office<br>Building | $2,750,000.00 |
| 55.6. | 1100 Whitehall Ave.,<br>Jackson, TN 38301<br>Bre Ave at Madison<br>Place | $2,100,000.00 |

| | | |
|---|---|---|
| 55.7. | 181 Bre Ave., Pulaski, TN 38478 Retail Center | $4,500,000.00 |
| 55.8. | Columbia land development | Unknown |
| 55.9 | Henderson Development, Hampton Inn and lots Hwy. 45 South and West Main St. Henderson, TN | $6,010,000.00 |
| 55.10 | 110 Redstone Dr., Fayetteville TN 37334 Hampton Inn | $11,000,000.00 |
| 55.11. | 180 Bre Ave., Pulaski, TN 38478 – hotel | $13,000,000.00 |
| 55.12. | Capital for Novus Plant – Three Roots Capital | Unknown |

(ECF No. 20).

5. The Debtor's Schedule G lists no executory contracts or unexpired leases. (ECF No. 20).

6. The Debtor's Statement of Financial Affairs ("SoFA") in response to question 1 lists no gross revenue for the current year or any year prior to the filing. (ECF No. 20).

7. The Debtor's SoFA in response to question 5 indicates the "Columbia Land Development," "Henderson Dev. – Hampton Inn and lots, Hwy 45 South and West Mains St., Henderson, TN," and "Novus Manufacturing Plant" were foreclosed in the one year before the case was filed, but does not list the dates of the foreclosures. (ECF No. 20).

8. David Hunt, as owner of the Debtor, signed the Petition, Schedules, and Statements filed by the Debtor under penalty of perjury, declaring the information provided was true and correct.

9. On June 29, 2026, the U.S. Trustee filed a Notice of Initial Debtor Interview ("IDI") to be held on July 6, 2026 at 10:30 A.M. The U.S. Trustee also sent, via email, a letter to counsel for the Debtor, giving notice of the time and place for the initial debtor interview, providing certain forms to be completed, and detailing certain documents that were to be produced.

10. On July 6, 2026, the U.S. Trustee conducted the IDI with the Debtor and Debtor's attorney. At the IDI, the Debtor failed to provide certain documentation about its financial affairs and businesses. To date, the Debtor has failed to provide the following:

- Copy of the signature card/ bank account application for the Debtor-in-Possession bank account; and
- Certificate(s) of Insurance with the broker's signature/ stamp, which shows Property insurance as applicable and shows the U.S. Trustee, 200 Jefferson Ave., Suite 400, Memphis, TN 38103 as an additional certificate holder for the purpose of notification only; and
- March, April, and May 2026 business bank statements.

11. On July 27, 2026, the Debtor filed an amended voluntary petition to correct the name of the debtor to Hunt Properties Jackson, GP. (ECF No. 32). The records of the Tennessee Secretary of State reflect that the Hunt Properties Jackson, GP was registered with the Tennessee Secretary of State as a general partnership on May 18, 2023.

12. On July 29, 2026, at the 11 U.S.C. § 341 meeting of creditors ("MOC") David Hunt testified as the Debtor's representative. At the MOC, Mr. Hunt was placed under oath and submitted to examination by the U.S. Trustee concerning the financial affairs of the Debtor. Mr. Hunt testified under oath that there were no errors or omissions in the Petition, Schedules, and Statements filed by the Debtor.

13. The real property listed by the Debtor in Schedule A/B as

55.1. 180 Whitehall Ave., Pulaski, TN 38478 Unknown

appears to be incorrectly listed. The Tennessee Property Assessment Data maintained by the state of Tennessee indicates that a property at 128 Bre Ave, Pulaski, TN is owned by Hunt Properties and operated as a hotel. The Tennessee Property Assessment values the property at $8,788,300.00. Based on Mr. Hunt's testimony at the 11 U.S.C. § 341 meeting of creditors and the records of the Tennessee Secretary of State, this property is operated as a Hampton Inn by Hunt Hospitality Pulaski, LLC or Hunt Hospitality - Pulaski TN, LLC, hereinafter referred to collectively as "Pulaski Operating Entity," which are Delaware entities registered with the Tennessee Secretary of State. This property will be hereinafter referred to as the "Pulaski Hampton Inn." The Pulaski Hampton Inn is currently in operation, but due franchise or brand defaults of the Pulaski Operating Entity it not offered through and does not have access to the Hilton reservation system.

14. The real property listed by the Debtor in Schedule A/B as

55.2. 110 Redstone Dr. Fayetteville, TN 37334 Hotel Unknown

appears, based on the Tennessee Property Assessment Data maintained by the state of Tennessee, to be owned by Hunt Properties and operated as a hotel. The Tennessee Property Assessment values the property at $10,195,600.00. Based on Mr. Hunt's testimony at the 11 U.S.C. § 341 meeting of creditors and the records of the Tennessee Secretary of State, this property is operated as a Hampton Inn by Hunt Hospitality - Fayetteville, LLC or Hunt Hospitality Fayetteville TN, LLC, hereinafter referred to collectively as "Fayetteville Operating Entity," which are Delaware entities registered with the Tennessee Secretary of State. This

property will be herein after referred to as the “Fayetteville Hampton Inn.” The Fayetteville Hampton Inn is currently in operation and reservations are available through www.hilton.com.

15. The real property listed by the Debtor in Schedule A/B as

| | | |
|---|---|---|
| 55.3. | 15315 South 1st St.<br>Milan, TN 38358<br>Hampton Inn | Unknown |

appears, based on the Tennessee Property Assessment Data maintained by the state of Tennessee, not to be owned by Hunt Properties, but to be owned by David and Melissa Hunt, individually, and operated as a hotel. The Tennessee Property Assessment values the property at $4,798,000.00. Based on Mr. Hunt’s testimony at the 11 U.S.C. § 341 meeting of creditors and the records of the Tennessee Secretary of State, this property was operated as a Hampton Inn by Hunt Hospitality Milan. TN, LLC, hereinafter referred to as “Milan Operating Entity,” which is a Delaware entity registered with the Tennessee Secretary of State. This property will be hereinafter referred to as the “Milan Hampton Inn.” The Milan Hampton Inn is closed and not currently in operation.

16. The real property listed by the Debtor in Schedule A/B as

| | | |
|---|---|---|
| 55.4 | 1118 Whitehall Ave.<br>Jackson, TN 38301<br>Restaurant | $1,250,000.00 |

appears, based on the Tennessee Property Assessment Data maintained by the state of Tennessee, to be owned by Hunt Properties. The Tennessee Property Assessment values the property at $475,400.00. Based on Mr. Hunt’s testimony at the 11 U.S.C. § 341 meeting of creditors, this property was formerly operated as a fast-food establishment and is currently leased to a party who operates the property as Golden Years Adult Day Care and pays rent of approximately $4,500.00 a month.

. 17. The real property listed by the Debtor in Schedule A/B as

55.5. 1124 Whitehall Ave., Jackson, TN 38301-4000 Dean Center Office Building $2,750,000.00

appears, based on the Tennessee Property Assessment Data maintained by the state of Tennessee, not to be owned by Hunt Properties, but to be owned by David and Melissa Hunt, individually. Based on the individuals not the Debtor owning this property, relief from the stay with respect to this property was granted by order of this Court on August 7, 2026. (ECF No. 51).

18. The real property listed by the Debtor in Schedule A/B as

55.6. 1100 Whitehall Ave., Jackson, TN 38301 Bre Ave at Madison Place $2,100,000.00

appears, based on the Tennessee Property Assessment Data maintained by the state of Tennessee, not to be owned by Hunt Properties, but to be owned by David and Melissa Hunt, individually. Based on the individuals not the Debtor owning this property, relief from the stay with respect to this property was granted by order of this Court on August 7, 2026. (ECF No. 51).

19. The real property listed by the Debtor in Schedule A/B as

55.7. 181 Bre Ave., Pulaski, TN 38478 Retail Center $4,500,000.00

appears, based on the Tennessee Property Assessment Data maintained by the state of Tennessee, not to be owned by Hunt Properties, but to be owned by David and Melissa Hunt, individually. Based on Mr. Hunt's testimony at the 11 U.S.C. § 341 meeting of creditors this

property is a strip mall located adjacent to the Pulaski Hampton Inn that generated rental income of approximately $25,000.00 a month.

20. The real property listed by the Debtor in Schedule A/B as

| | | |
|---|---|---|
| 55.8. | Columbia land development | Unknown |

appears, based on the Tennessee Property Assessment Data maintained by the state of Tennessee, to be two parcels of lant on Nashville Hwy, Columbia, TN that were owned by Hunt Properties at the beginning of 2026 but were foreclosed by First Freedom Bank on June 18, 2026.

21. The real property listed by the Debtor in Schedule A/B as

| | | |
|---|---|---|
| 55.9 | Henderson Development, Hampton Inn and lots Hwy. 45 South and West Main St. Henderson, TN | $6,010,000.00 |

appears to be incorrectly listed. Based on Mr. David Hunt's testimony at the 11 U.S.C. § 341 meeting of creditors and the Debtor's SoFA this property was foreclosed prior to the bankruptcy filing.

22. The real property listed by the Debtor in Schedule A/B as

| | | |
|---|---|---|
| 55.10 | 110 Redstone Dr., Fayetteville TN 37334 Hampton Inn | $11,000,000.00 |

appears to duplicative of the property listed by the Debtor at 55.2, the Fayetteville Hampton Inn.

23. The real property listed by the Debtor in Schedule A/B as

| | | |
|---|---|---|
| 55.11. | 180 Bre Ave., Pulaski, TN 38478 – hotel | $13,000,000.00 |

appears to duplicative of the property listed by the Debtor at 55.1, the Pulaski Hampton Inn.

24. The real property listed by the Debtor in Schedule A/B as

| | | |
|---|---|---|
| 55.12. | Capital for Novus Plant – Three Roots Capital | Unknown |

appears to be incorrectly listed. The Tennessee Property Assessment Data maintained by the state of Tennessee indicates that a property at 750 American Blvd., St. Joseph, TN 38481 is owned by Novus Advance Manufacturing, LLC, 1124 Whitehall, St., Jackson, TN 38301. The records of the Tennessee Secretary of State list David B. Hunt as the registered agent for Novus Advance Manufacturing, LLC. Based on the Debtor's SoFA this property was foreclosed prior to the bankruptcy filing.

25. Based on the foregoing the only properties properly owned by Hunt Properties listed in Schedule A/B are the Fayetteville Hampton Inn (55.2 and 55.10), the Pulaski Hampton Inn (55.11 and 55.1), and 1118 Whitehall, Ave., Jackson, TN.

26. Based on the testimony of Mr. Hunt at the 11 U.S.C. § 341, the Fayetteville Operating Entity and Pulaski Operating Entity pay rent of approximately $55,000.00 a month to Hunt Properties for the Fayetteville Hampton Inn and the Pulaski Hampton Inn properties. However, Mr. Hunt testified that it had been approximately one year since the Fayetteville Operating Entity or the Pulaski Operating Entity paid rent to the Hunt Properties.

27. At the 11 U.S.C. § 341 Mr. Hunt also testified that the Debtor owned a McMinnville Hampton Inn. The Tennessee Property Assessment Data maintained by the state of Tennessee indicates that a property at 1560 Sparta Street, McMinnville, TN is owned by Hunt Properties of McMinnville, LLC and operated as a hotel. The records of the Tennessee Secretary of State list David B. Hunt as the registered agent for Hunt Properties of McMinnville, LLC.

28. None of the properties listed by the Debtor are indicated by the Tennessee Property Assessment Data to be owned by Hunt Properties Jackson, GP. Based on Mr. Hunt's testimony at the 11 U.S.C. § 341 meeting of creditors, Hunt Properties Jackson, GP is party to a 75-year ground lease for property at 518 W. Forest Ave., Jackson, TN which was developed and is operated as a Hyatt Place Hotel.

29. The Debtor has failed to file monthly operating reports for June 25-30, 2026 and July 2027.

**LAW AND ARGUMENT**

30. Section 1112 (b) provides:

> . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interest of creditors and the estate.

Under section 1112(b), the Court determines whether dismissal or conversion is in "the best interest of creditors." Based on the facts of the case and the apparent lack of equity in estate property for distribution to creditors, U.S. Trustee asserts dismissal of this action is in the best interest of creditors and the estate.

31. Section 1112(b)(4) includes a nonexclusive list of examples of "cause." *See* 11 U.S.C. § 1112(b)(4) (providing "the term 'cause' *includes*") (emphasis added); *see also* 11 U.S.C. § 102(3) (stating "'includes' and 'including' are not limiting").

32. Section 1112(b)(1) of the Bankruptcy Code provides that a chapter 11 case shall be dismissed or converted to chapter 7, "whichever is in the best interests of creditors and the estate," upon a showing of "cause" by a preponderance of the evidence. 11 U.S.C. § 1112(b)(1). A bankruptcy court has broad discretion to take action under section 1112(b). *See*

*Toibb v. Radloff*, 501 U.S. 157, 165 (1991) (stating that "the Code gives bankruptcy courts substantial discretion to dismiss a Chapter 11 Case"); *AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.),* 213 F.3d 917, 920 (6th Cir. 2000).

**A. Hunt Properties Jackson, GP's failure to timely and accurately file required documents constitutes cause for dismissal.**

33. Under section 1112(b)(4)(F), cause exists when the bankruptcy court finds an "unexcused failure [by the debtor] to satisfy timely any filing or reporting requirement established" by the Bankruptcy Code.

34. At the outset of the case, the Debtor has a duty to file schedules itemizing assets and liabilities and a statement of their financial affairs. 11 U.S.C. §521(a)(1)(B); Fed. R. Bankr. P. 7001 and 7001-1. Debtors have "a duty to prepare schedules carefully, completely and accurately." *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001) (internal quotation omitted). The Bankruptcy Code is "designed to insure that complete, truthful, and reliable information is put forward at the outset of the proceedings, so that decisions can be made by the parties in interest based on fact . . . ." *In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987).

35. Throughout the case a Debtor is required to file monthly operating reports containing the information required by the U.S. Trustee. 11 U.S.C. §§ 1107(a), 1106(a)(1), and 704(a)(8); *see also* Fed. R. Bankr. P. 2015(a)(3). Monthly Operating Reports "are much more than busy work . . . they are the means by which creditors can monitor a debtor's post-petition operations." *In re Citi-Toledo Partners*, 170 B.R. 602 (Bankr. N.D. Ohio 1994) (internal quotation marks omitted). "A debtor's failure to make required financial disclosures, or otherwise to comply with orders of the court, may constitute valid cause for dismissal." *Gribbins v. Farm Credit Servs. of Mid-Am.*, 43 F. App'x 861,863 (6th Cir. 2002) (unreported) (finding "cause" under an analogous provision in a chapter 12 case). "[N]either the Court nor

the creditors should have to coerce or implore the Debtor as a fiduciary into filing timely, accurate and complete monthly operating statements while at the same time the Debtor is asking for the pervasive protection afforded by the Bankruptcy Code." *Id.* at 863-64 (internal quotation marks omitted).

36. Here, the Debtor's schedules and statements were not accurate when filed and have not been amended. To date, it is unclear what property is owned by this Debtor. The amendment of the Debtor's identity from Hunt Properties and Hunt Properties Jackson, GP has further complicated the issue of what property is owned by the Debtor in this bankruptcy case. The amendment to the Debtor's identity has also made it unclear who is the actual Debtor in this bankruptcy case. It is unclear if Hunt Properties and Hunt Properties Jackson, GP are the same entity, separate entities, or successor entities. Accordingly, the Debtor has not timely complied with the requirement to file full and accurate schedules.

37. The Debtor has failed to file timely monthly operating reports. The Debtor is currently past due for the June 25-30, 2026 and July 2026 monthly operating reports. It is not possible to determine the Debtor's income and expenses and current operations, because the Debtor has failed to timely file the monthly operating reports.

38. Debtors violate their statutory and fiduciary financial reporting duties and put creditors at a disadvantage when they file late reports, because "[f]iling catch-up reports is akin to locking the barn doors after the horses have already gotten out." *In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012). As a result, courts have found cause under section 1112(b)(4)(F) where, as here, debtors have failed to file timely and accurate monthly operating reports. *See, e.g.*, *In re Congaree Triton Acquisitions, LLC*, 492 B.R. 843, 852-53 (Bankr. D.S.C. 2012) (converting case and finding that "the Debtor's failure to file accurate monthly

operating reports is also grounds to warrant conversion or dismissal"); *Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding that batch filing of late monthly reports is cause under section 1112(b)(4)(F)); *In re AdBrite Corp.*, 290 B.R. 209, 217 (Bankr. S.D.N.Y. 2003) (finding cause under section 1112(b) for "[f]iling materially inaccurate operating reports").

39. Based on the foregoing, Hunt Property Jackson, GP's failure to timely and accurately file required documents constitutes "cause" as contemplated by 11 U.S.C. § 1112(b) to dismiss the instant Chapter 11 case.

**B. Hunt Properties Jackson, GP's failure to provide information reasonably requested by the U.S. Trustee constitutes cause for dismissal.**

40. Under section 1112(b)(4)(H), cause exists when the bankruptcy court finds a debtor failed "timely to provide information . . . reasonably requested by the United States Trustee."

41. To date, the Debtor has failed to provide the following documents requested by the United States Trustee:

- Copy of the signature card/ bank account application for the Debtor-in-Possession bank account; and
- Certificate(s) of Insurance with the broker's signature/ stamp, which shows Property insurance as applicable and shows the U.S. Trustee, 200 Jefferson Ave., Suite 400, Memphis, TN 38103 as an additional certificate holder for the purpose of notification only; and
- March, April, and May 2026 business bank statements.

42. Based on the foregoing, Hunt Properties Jackson, GP's failure to pay timely provide information reasonably requested by the U.S. Trustee quarterly fees constitutes "cause" as contemplated by 11 U.S.C. § 1112(b) to dismiss the instant Chapter 11 case.

**C. Hunt Properties Jackson, GP's failure to maintain appropriate insurance that poses a risk to the estate or to the public constitutes cause for dismissal.**

43. Under section 1112(b)(4)(C), cause exists when the bankruptcy court finds a debtor failed "to maintain appropriate insurance that poses a risk to the estate or to the public."

44. To date, the Debtor has failed to provide the proof of insurance on estate property as requested by the United States Trustee. The Debtor has not shown that the property is properly insured and continues to operate the properties and hold them open to the public. Thus, exposing the estate to risk of loss of the value of the property in the case of a fire, vandalism, natural disaster, or other risk.

45. Based on the foregoing, Hunt Properties Jackson, GP's failure to maintain appropriate insurance that poses a risk to the estate constitutes "cause" as contemplated by 11 U.S.C. § 1112(b) to dismiss the instant Chapter 11 case.

**D. Hunt Properties Jackson, GP's gross mismanagement of the estate constitutes cause for dismissal.**

46. Under section 1112(b)(4)(B), cause exists when the bankruptcy court finds "gross mismanagement of the estate."

47. To date, the Debtor has failed to provide proof of insurance on estate property and, upon information and belief, has failed to open a debtor-in-possession bank account, both of which expose the bankruptcy estate to risk of loss. Based on the inaccurate schedules and amendment to the Debtor's name it is unclear if management of the Debtor is aware of the identity and assets of the Debtor. Based on the testimony of Mr. Hunt at the 11 U.S.C. § 341, he was unaware of the property owned by the Debtor and the actual relationship of Hunt Properties and Hunt Properties Jackson, GP. Without operating reports, it is unclear if the management of the Debtor is paying the Debtor's ongoing obligation and whether the Debtor has taken action to collect on rents due from related entities to the Debtor pre- and post-petition, which are the Debtor's sole source of income.

48. Based on the foregoing, Hunt Properties Jackson, GP's gross mismanagement of the estate constitutes "cause" as contemplated by 11 U.S.C. § 1112(b) to dismiss the instant Chapter 11 case.

49. It is well established that debtors who fail to perform their functions may not utilize Chapter 11 to prolong control over their estate when there is no benefit to the public or creditors. *In re Hi-Toc Development Corp.*, 159 B.R. 691, 693 (S.D.N.Y. 1993). *See also, In re Trident Associates Ltd. Partnership*, 52 F.3d 127, 132 (6th Cir 1995) (case can be dismissed for bad faith).

50. Therefore, based upon the foregoing, the U.S. Trustee asserts that cause exists to dismiss the Debtor's Chapter 11 case, or in the alternative, convert the Debtor's Chapter 11 case to a case under Chapter 7.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, the United States Trustee prays that:

1. The Court dismiss the instant Chapter 11 case.

2. In the alternative, the Court convert the instant Chapter 11 case to a case under Chapter 7.

3. The Court grant the United States Trustee such additional general relief to which the United States Trustee may be entitled.

Respectfully submitted,
PAUL A. RANDOLPH
UNITED STATES TRUSTEE, REGION 8

/s/ Carrie Ann Rohrscheib, Trial Attorney (#22991)
United States Department of Justice
Office of the United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, Tennessee 38103
(901) 544-3303
Carrie.A.Rohrscheib@usdoj.gov

## CERTIFICATE OF SERVICE

I, Carrie Ann Rohrscheib, hereby certify this 18th day of August, 2026 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 19B of the Amended Guidelines for Electronic Filing.

/s/ Carrie Ann Rohrscheib, Trial Attorney (#22991)

Debtor
Attorney for the Debtor
All parties listed on the matrix