**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **HUNT PROPERTIES, GP** | **CASE NO. 26-10889-JLC** |
| | **DEBTOR.** | **CHAPTER 11** |

**UNITED STATES TRUSTEE'S OBJECTION TO**
**FINAL FEE APPLICATION FOR COMPENASTION OF ATTORNEY**

The United States Trustee for Region 8 ("U.S. Trustee") objects to the Final Fee Application for Compensation of Attorney filed by attorney, Thomas H. Strawn (Doc. No. 108) ("Application"). The hearing on the Application has been scheduled for October 14, 2026 at 9:30 a.m. In support of this Objection, U.S. Trustee states:

**FACTS**

1. On June 25, 2026, Hunt Properties, GP ("Debtor") filed a voluntary petition under Chapter 11, of Title 11 of the United States Code ("Bankruptcy Code").

2. On July 14, 2021, Steven N. Douglass filed a Fed. R. Bankr. P. 2016 Disclosure of Compensation of Attorney for Debtor(s) ("Disclosure of Compensation"). (Docket No. 15 at 35). According to the Disclosure of Compensation "[c]ounsel [] agreed to accept court awarded fees as payment for legal services rendered with the payment of a $25,000.00 retainer from the Debtor."

3. On July 6, 2023, Thomas H. Strawn, Jr. filed his application to be employed as counsel for the Debtor-in-Possession and the Verified Statement of Thomas H. Strawn, Jr. in support of the Application. (Docket No. 18). Mr. Strawn's application averred that it was disinterested and neither held nor represented any interest adverse to the estate pursuant to 11

U.S.C. § 327(a). According to the application, "Thomas H. Strawn received a retainer of $15,000.00." The Court granted Mr. Strawn's application to employ. (Docket No. 49).

4. On October 14, 2026, Mr. Strawn filed his Application, detailing fees in the amount of $18,591.71 and expenses of $1,908.00, requesting final approval of fees and expenses for the period June 25, 2026 to October 14, 2026 of $20,449.71. (Docket No. 108).

## LAW AND ARGUMENT

10. Pursuant to U.S.C. Section 586, the Executive Office for United States Trustees has adopted procedural guidelines (hereinafter referred to as "UST Guidelines"), which UST Guidelines are to be used in reviewing applications filed for compensation and reimbursement under Section 330 of Title 11 (Appendix A to 28 C.F.R. § 58). In furtherance of his case supervisory responsibilities, the U.S. Trustee has standing to raise and be heard on issues of professional compensation.

11. Bankruptcy Code Section 330(a)(1) authorizes reasonable compensation for actual, necessary services performed by professionals and provides that:

> After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

12. To determine reasonableness, Section 330(a)(3) instructs that:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> a. the time spent on such services;

> b. the rates charged for such services;
>
> c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> e. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> f. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

13. Section 330 requires the applicant to establish both reasonableness and benefit to the estate from the professional's services. *In re Lederman Enter., Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993). To be compensable, the professional's services must have been necessary and beneficial to the estate or its creditors. *In re Engel*, 124 F.3d 567, 573 (3d Cir. 1997).

14. The applicant seeking an award of professional compensation has the burden to establish entitlement to such an award under 11 U.S.C. § 330. *In re Metro Transportation Co.*, 107 B.R. (E.D. Pa. 1989); *In re the Columbia Gas System, Inc., et al.,* 150 B.R. 553 (Bankr. D. Del. 1992). To satisfy its burden, an applicant must justify its charges with detailed, specific, itemized documentation. *In re Baker*, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007); *In re Bennett Funding Group*, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997).

15. If an applicant fails to sustain its burden on reasonableness, a court may properly deny the application for compensation. *In re Beverly Mfg. Corp.*, 841 F.2d 365, 371 (11th Cir.

1988). Similarly, a court may reduce a professional's fees or expenses when they are disproportionate to the benefit to the estate, even if it already has approved the professional's retention under Sections 327 and 328 of the Bankruptcy Code. *In re Taxman Clothing Co.*, 49 F.3d 310, 316 (7th Cir. 1995); *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 262–63 (3d Cir. 1995) (affirming lower court's denial of improperly documented and inadequately detailed expenses).

**<u>Vagueness</u>**

16. Time entries may not be vague. Professionals have the burden of proving the reasonableness of their fee requests; accordingly, they must provide specific and detailed time records. To that end, the UST Guidelines require:

> Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference.

*See* UST Guidelines, (b)(4)(v).

17. To enable the Court to determine whether a professional's time spent on a task is reasonable, time entries must be specific, and the records must clearly identify each discrete task billed. *Baker*, 374 B.R. at 495 ("The records must be detailed enough to enable a Court to determine whether the attorneys are claiming compensation for hours that are 'redundant, excessive, or otherwise unnecessary.'"); *see also In re Bennett Funding Group*, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997) ("In cases where the time entry is too vague or insufficient to allow for a fair evaluation of the work done and the reasonableness and necessity for such work, the court should disallow compensation for such services."). Such vague entries "make a fair evaluation of the work done and the reasonableness and necessity for the work

extremely difficult, if not impossible." *In re Hudson*, 364 B.R. 875, 880 (Bankr. N.D.N.Y. 2007).

18. The time entries submitted should allow the Court and a reviewer to determine "the legal issues involved, the difficulties of the issues, and the resolution or results obtained." *Id.* References to telephone calls that do not make clear who the call was with or the subject matter discussed, preparation of memoranda of law that do not indicate the legal issues involved, email communications without a description of the substance of the communications and the recipients of such communications, and the review of documents without providing a description of the document reviewed are all examples of vague time entries that make a fair evaluation of the work done and its reasonableness impossible. *See id.*

19. The Application has multiple entries without sufficient detail to determine the reasonableness or necessity of the time. There are multiple entries for calls, emails, and other communication that do not detail the parties to the communication and the subject to the communication sufficiently to determine the reasonableness of the communications. There are multiple entries for drafting that do not specify the pleading drafted sufficiently to determine the reasonableness of the time spent. The U.S. Trustee objects to these entries as unreasonable under 11 U.S.C. § 330(a)(3). Given the inordinately large number of time entries that are deficient because they are vague, it is impractical to identify each deficient entry. Accordingly, the U.S. Trustee asserts a percentage reduction of the fees requested is appropriate.

**Multiple Professionals to External Communications**

20. Related to the above vagueness, the attorneys and paralegal are both on many external meetings and communications. Attorneys should limit attendance at depositions, 341 meetings, client meetings, and other similar proceedings to only those professionals whose

participation in the proceeding was truly necessary. In general, for proceedings other than a court hearing, attendance should be limited to one billing professional unless the need for their presence has been explained. The entries are without sufficient detail to determine the reasonableness of multiple professionals' time. The U.S. Trustee objects to these entries as unreasonable under 11 U.S.C. § 330(a)(3). Given the large number of time entries that are deficient because they are vague and involve multiple professionals, it is impractical to identify each deficient entry. Accordingly, the U.S. Trustee asserts a percentage reduction of the fees requested is appropriate.

WHEREFORE, the United States Trustee respectfully requests this Court to deny the requested award commensurate with the afore-referenced objections.

Respectfully submitted,
PAUL A. RANDOLPH
ACTING UNITED STATES TRUSTEE, REGION 8

/s/ Carrie Ann Rohrscheib (#022991)
Trial Attorney
United States Department of Justice
Office of United States Trustee
200 Jefferson Avenue, Suite 400
Memphis, TN 38103
(901) 544-3303
Carrie.A.Rohrscheib@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Carrie Ann Rohrscheib, hereby certify this 9th day of November, 2026 service of a true and accurate copy of the foregoing by electronic means and/or via regular U.S. Mail, postage prepaid, to the following persons in accordance with Guideline 19B of the Amended Guidelines for Electronic Filing.

/s/ Carrie Ann Rohrscheib, Trial Attorney (#022991)

Debtor
Debtor's Attorney